---

## WILLIAM ARMSTRONG, RESPONDENT, v. HERVEY SANDFORD, APPELLANT.

*County Court — opening a judgment, entered upon an appeal from a Justice's Court, upon affidavits relating to the legal questions involved.*

In an action begun in a Justice's Court the defendant answered that a former suit had been brought by him in said court against the present plaintiff, in which the latter had failed to set up his present cause of action as a counter-claim, and that judgment was rendered in that suit in favor of the plaintiff therein.

On appeal to the County Court the judgment of the justice was reversed.

Subsequently, upon affidavits tending to show that said former action, and the offer of evidence in respect thereto, were a sham, the county judge opened his judgment and affirmed the judgment of the justice.

*Held,* that he had no power to do so; that, having once reversed the judgment he could not change his decision, upon affidavits relating to the legal questions involved.

APPEAL by the defendant Hervey Sandford from a judgment of the Niagara County Court, entered in the office of the clerk of said county on the 31st day of December, 1889, opening a former judgment, rendered herein by said court setting it aside, and affirming a judgment rendered herein by a justice of the peace in favor of the plaintiff, with notice of an intention to bring up for review upon such appeal the order of said court, upon which said judgment of the 31st day of December, 1889, was entered.

*Adelbert Moot,* for the appellant.

*George Wing,* for the respondent.

Macomber, J. :

This action was originally brought before a justice of the peace to recover the sum of seventy-five cents, being the amount of three trips at twenty-five cents each, taken by the defendant in a vehicle owned by the plaintiff, who claimed to be a common carrier, between the railroad station on the Rome, Watertown and Ogdensburg Railroad in Lewiston and the village of Lewiston in Niagara county.

The answer consists of a general denial and an allegation to the effect that the defendant "brought a cause of action against this plaintiff to recover damages upon or for breach of a contract; that this plaintiff then neglected to interpose any counter-claim, and no counter-claim was, in fact, pleaded to said cause of action." Upon the trial proof was offered to the effect that in the month of July, 1888, a year after the alleged indebtedness accrued to the plaintiff, a summons was issued in favor of this defendant against this plaintiff, and that the same was served, but under objection made by the plaintiff's counsel, such proof was excluded, and the offer of proof seems to have gone no farther.

Whether this answer so made and such offer of proof would justify the County Court in reversing the judgment is not before us; for upon appeal by the defendant to that tribunal such judgment was reversed. Upon a rehearing, which appears to have been had upon affidavits tending to show that the answer and offer of evidence in the Justice's Court was not sincere, but a sham, the learned county judge has reversed his former judgment and affirmed the judgment of the justice of the peace.

In our opinion the county judge had no power, in disposing of the questions before him, to hear and act upon affidavits explaining away and defeating the purpose for which the evidence before the justice of the peace was offered. Accordingly, the argument addressed to us by the learned counsel for the respondent, to the effect that the answer and the proofs offered thereunder before the magistrate were not competent, cannot be taken into account. Had the present respondent appealed from the original judgment of the

County Court reversing the determination of the justice of the peace, this argument would be entitled to much consideration and would require an expression of our views thereon; but at the present time we do not deem it opportune, and, therefore, content ourselves with determining the question solely as to the power of the county judge, having once reversed the justice of the peace by a judgment duly entered in the County Court, to open the same upon affidavits relating to the legal questions involved, and denying the existence of that power.

The judgment appealed from should be reversed, but without prejudice to any appeal which the plaintiff may prosecute from the original judgment of the County Court, provided the same may yet be timely taken.

DWIGHT, P. J., concurred.

Judgment of County Court of Niagara county, setting aside its previous judgment herein, reversed, with costs.